UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHON'QUELL LEBLANC                                    CIVIL ACTION

VERSUS                                                NO. 20-3157

GREGORY Y. HARDY, ET AL.                              SECTION "R" (3)

## ORDER AND REASONS

Before the Court is defendant USAA Casualty Insurance Company's ("USAA") motion for reconsideration[1] of the Court's order[2] remanding this case to state court. USAA filed the motion in its capacity as the excess lability insurer of defendant Janet Blocker. Plaintiff Shon'Quell LeBlanc opposes the motion.[3]

This case arises out of an automobile-pedestrian crash. On January 15, 2020, plaintiff filed suit in state court against defendants Gregory Hardy, Janet Blocker, and USAA, as the primary liability insurer of Blocker and Hardy ("USAA-Primary").[4] On June 25, 2020, plaintiff amended her state-

---

[1]   R. Doc. 25.
[2]   R. Doc. 23.
[3]   R. Doc. 28.
[4]   R. Doc. 1-3 at 1-5.

court complaint to add USAA as a defendant in its capacity as the excess liability insurer of Blocker ("USAA-Excess").[5]

On November 19, 2020, defendants Hardy, Blocker, and USAA-Primary[6] removed the case to federal court, contending that the diversity requirements of 28 U.S.C. § 1332(a) were met.[7] Defendants attached to their notice of removal an affidavit by Blocker, stating that, at the time of the accident, she was living only temporarily in New Orleans.[8] She attested that her permanent home was in Houston, Texas.[9]

On April 26, 2021, plaintiff filed a motion to strike Blocker's affidavit and remand the case for lack of subject-matter jurisdiction.[10] Plaintiff asserted that Blocker was a nondiverse party, living at a residential facility in New Orleans, and maintaining a phone number bearing a New Orleans area code.[11] Defendants Hardy, Blocker, and USAA-Primary initially opposed

---

[5] *Id.* at 10-11.
[6] In its notice of removal and subsequent motions, USAA-Primary did not specify that it was proceeding only in its primary-insurer capacity, *i.e.*, as distinct from USAA-Excess. But USAA-Excess has had separate counsel since removal, *see* R. Doc. 4 at 2, and its counsel did not file or sign onto any documents in this case prior to filing the present motion for reconsideration.
[7] R. Doc. 1.
[8] R. Doc. 1-1.
[9] *Id.* ¶ 21.
[10] R. Doc. 15.
[11] R. Doc. 15-1 at 1-2.

plaintiff's motion,[12] but later withdrew their opposition.[13] USAA-Excess, represented by separate counsel,[14] never responded to the motion for remand, nor otherwise showed that plaintiff's claims against it vested this Court with subject-matter jurisdiction. On May 28, 2021, the Court granted plaintiff's motion, and remanded the matter to state court based on a lack of subject-matter jurisdiction.[15]

Federal law provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable *on appeal or otherwise*." 28 U.S.C. § 1447(d) (emphasis added). Indeed, "[n]ot only may the order not be appealed, but the district court itself is divested of jurisdiction to reconsider the matter." *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986). Therefore, even if the court "later decides the order was erroneous, a remand order cannot be vacated even by the district court." *Id.*; *see also Loeb v. Vergara*, No. 18-3165, 2018 WL 3374162, at *1 (E.D. La. July 11, 2018) (denying defendant's motion to reconsider a remand based on lack of subject-matter jurisdiction).

---

[12] R. Doc. 18.
[13] R. Doc. 22.
[14] R. Doc. 4 at 2.
[15] R. Doc. 23.

3

Accordingly, upon the entry of its remand order, this Court was "divested of jurisdiction to reconsider the matter." *New Orleans Pub. Serv., Inc.*, 802 F.2d at 167. The Court thus lacks jurisdiction to reconsider its remand order.

For the foregoing reasons, USAA-Excess's motion to reconsider is DISMISSED for lack of jurisdiction.

New Orleans, Louisiana, this __10th__ day of September, 2021.

             _____
                        SARAH S. VANCE
             UNITED STATES DISTRICT JUDGE